# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | 5:19-cv-01642-SVW-SP | Date | March 10, 2020 |
| Title | *Odila Penaloza et al v. City of Rialto et al* | | |

Present: The Honorable  STEPHEN V. WILSON, U.S. DISTRICT JUDGE

| Paul M. Cruz | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| N/A | N/A |

**Proceedings:** IN CHAMBERS ORDER REMANDING STATE LAW CLAIMS SUA SPONTE

The Court previously bifurcated Plaintiffs' federal and state law claims but declined to remand the state law claims because the trial had not yet commenced. A jury trial was held over two days from March 4–5, 2020. The jury was charged and began deliberations on Wednesday March 5, 2020 and resumed deliberations on Thursday March 6, 2020. After several hours of deliberation, the jury could not reach a unanimous verdict, and a hung jury was declared on Thursday March 6, 2020. Retrial is set to begin Tuesday March 17, 2020.

"While 28 U.S.C. § 1367 grants federal courts supplemental jurisdiction, the United States Supreme Court has held that district courts may decline to exercise jurisdiction over supplemental state law claims in the interest of judicial economy, convenience, fairness and comity." *Smith v. Lenches*, 263 F.3d 972, 977 (9th Cir. 2001) (citing *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 118 (1997). Having fully considered the evidence to be presented at trial, the Court finds it is in the interest of judicial comity, clarity, and fairness to remand the state law claims to the state court. *See Schutza v. Cuddeback*, 262 F. Supp. 3d 1025, 1030 (S.D. Cal. 2017). The Court declines supplemental jurisdiction over the state law claims under 28 U.S.C. § 1376 because "there are other compelling reasons for declining jurisdiction."

The federal trial is exclusively concerned with Defendants' use of allegedly excessive force under the Fourth Amendment, but the state court can consider Plaintiffs' " Second Claim for Relief for

| | : | |
|---|---|---|
| Initials of Preparer | | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 5:19-cv-01642-SVW-SP | Date | March 10, 2020 |
|---|---|---|---|
| Title | *Odila Penaloza et al v. City of Rialto et al* | | |

Assault and Battery and the Third Claim for Relief for Negligence."[1] *See* Dkt. 67. Although the Court acknowledges "that federal courts have a strict duty to exercise the jurisdiction that is conferred upon them by Congress," the "duty is not, however, absolute." *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 716 (1996). The Ninth Circuit has "often held that it is within a district court's discretion either to retain jurisdiction to adjudicate the pendent state claims or to remand them to state court." *Lee v. City of Beaumont*, 12 F.3d 933, 937 (9th Cir. 1993) (internal quotation marks omitted), *overruled on other grounds by California Dep't of Water Res. v. Powerex Corp.*, 533 F.3d 1087 (9th Cir. 2008). When it serves the interest of a fair and efficient administration of justice, "it is generally preferable for a district court to remand remaining pendent claims to state court." *Id.* at 937. Here, there is a substantial judicial interest in remanding the claims, as the separate juries will be able to independently consider the distinct legal theories which underly each of the causes of action. This will avoid prejudice to either party and allow for both parties to receive a prompt and efficient adjudication on the entirety of the complaint.

Although there will be some overlap of the evidence presented in this Court and the state court, the legal issues are distinct. The sole determination in the federal trial will be whether the officers used excessive force under the Fourth Amendment, whereas the state court can properly analyze whether the officers were negligent in their use of force or otherwise culpable under California law. Because the federal trial will only determine if excessive force was used under the Fourth Amendment, the state court will not be prejudiced in its determination of whether the officers committed an assault or battery, or were negligent in their use of force. Accordingly, there is no risk of inconsistent verdicts between this Court and the state proceeding.

Accordingly, Plaintiffs' state law claims, previously bifurcated, are hereby REMANDED to the state court.

IT IS SO ORDERED.

---

[1] Although Plaintiffs' raised a Fourteenth Amendment claim in their pretrial brief, it was not properly pleaded in the First Amended Complaint. Further, as the Court described on the record after the close of evidence at the first trial, there is insufficient evidence to support a Fourteenth Amendment claim in this case.

| | : | |
|---|---|---|
| | Initials of Preparer | PMC |